**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-14303

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DANIEL OCHOA,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:14-cr-20674-DSL-1

————————————

Before NEWSOM, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Daniel Ochoa, a federal prisoner proceeding pro se, appeals the district court's order denying his Fed. R. Crim. P. 52(b) motion to correct plain errors challenging his convictions. He contends the

district court plainly erred and abused its discretion by denying his motion seeking to reverse his convictions under Rule 52(b).

According to Rule 52(b), "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b). The Supreme Court has explained that Rule 52(b), "which governs on appeal from criminal proceedings, provides a court of appeals a limited power to correct errors that were forfeited because [they were] not timely raised in [the] district court." *United States v. Olano*, 507 U.S. 725, 731 (1993).

The district court did not err in denying Ochoa's motion, as Rule 52(b) did not provide an avenue to reverse Ochoa's convictions. Ochoa cites no authority giving the district court the ability to reverse his convictions under Rule 52(b). Rule 52(b) does not apply to district courts and instead states that a court of appeals may apply plain-error review if an issue was not brought to the district court's attention. Fed. R. Crim. P. 52(b); *Olano*, 507 U.S. at 731.

Even looking behind the label of Ochoa's motion, his motion seeking reversal of his convictions would not be cognizable under a different remedial statutory framework. *See United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990) ("Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework."). First, construed as a Rule 33 motion for a new trial, Ochoa's motion was filed about 9 years after his convictions,

putting it beyond the required time to file for relief under Rule 33. Fed. R. Crim. P. 33 (providing "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires," and allowing a district court to grant a new trial based on new evidence within 3 years after the verdict or on any other grounds within 14 days of the verdict or finding of guilty). The Government raised the untimeliness of Ochoa's motion if construed as a Rule 33 motion, supporting that Ochoa's motion would fail as the Government has not forfeited the issue of timeliness. *See Eberhart v. United States*, 546 U.S. 12, 19 (2005) (explaining the timeliness of a Rule 33 motion for a new trial is a claim-processing rule and the government can forfeit its defense of untimeliness if it fails to raise the defense before the district court reaches the merits of the Rule 33 motion).

Additionally, if construed as a § 2255 motion, Ochoa's motion would be second or successive, as his initial § 2255 motion had been denied on the merits. *See* 28 U.S.C. § 2255(h). A federal prisoner who wishes to file a second or successive motion to vacate, set aside, or correct sentence is required to move the court of appeals for an order authorizing the district court to consider such a motion. *See* 28 U.S.C. § 2255(h), *cross-referencing* 28 U.S.C. § 2244. Since Ochoa had not received authorization from this Court to file a second or successive § 2255 motion, the district court would lack subject-matter jurisdiction to consider a § 2255 motion. *See In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016) (explaining the successive application bar deprives the district court of subject-matter jurisdiction absent authorization from this Court).

4                          Opinion of the Court                    25-14303

Accordingly, we affirm the district court's denial of Ochoa's motion.

**AFFIRMED.**